IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.                                       CRIMINAL ACTION NO. 2:20-cr-00181

RONALD SAYLES

MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant Ronald Sayles's pro se, letter-form motion for compassionate release under the First Step Act. [ECF No. 23]. The court in deciding such motions will consider the following: whether the defendant has exhausted his administrative remedies, whether the defendant has demonstrated "extraordinary and compelling reasons," and the factors listed in 18 U.S.C. § 3553(a). In deciding what constitutes "extraordinary and compelling reasons" for release by reason of COVID-19, a defendant must demonstrate that he has a medical condition listed by the Centers for Disease Control and Prevention as causing an increased risk of severe illness from COVID-19 *and* that he is at a facility which cannot effectively prevent the spread of the virus.

I.      Background

On February 4, 2021, I sentenced Mr. Sayles to a 21-month term of imprisonment followed by 3 years of supervised release after he pled guilty to being

a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [ECF Nos. 8, 9].

Mr. Sayles is currently imprisoned at the Federal Correctional Institution in Terre Haute, Indiana. He alleges he "currently suffers from a number of serious health/medical conditions including Type 2 diabetes, hyperlipidemia, and hypertension." [ECF No. 23, at 1, 9]. He additionally states that he is African American and has a twenty-year history of smoking, which all increase his risk of severe illness from COVID-19. *Id.* at 1, 3. FCI Terre Haute is a medium security correctional institution with an adjacent minimum security satellite camp that currently houses 1,311 total inmates. *See FCI Terre Haute*, Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/tha (last visited Jan. 10, 2022). As of January 7, 2022, there are no active cases of COVID-19 among prisoners and five active cases among staff at FCI Terre Haute. *See COVID-19 Cases*, Fed. Bureau of Prisons (Jan. 7, 2022), https://www.bop.gov/coronavirus.

II. Discussion

The First Step Act empowers criminal defendants to request compassionate release for "extraordinary and compelling reasons." 18 U.S.C § 3582(c)(1)(A)(i). To grant an inmate's motion for compassionate release under section 3582(c)(1)(A)(i), the court must: (1) find that extraordinary and compelling reasons warrant a sentence reduction, and (2) consider the relevant 18 U.S.C. § 3553(a) sentencing factors. 18 U.S.C. § 3582(c)(1)(A). When analyzing "extraordinary and compelling" reasons, "[t]he district court enjoy[s] broad discretion." *United States v. Kibble*, 992

F.3d 326, 330 (4th Cir. 2021). The Fourth Circuit determined that district courts may take a more individualized approach regarding whether "extraordinary and compelling" reasons are established. *United States v. McCoy*, 981 F.3d 271, 286 (4th Cir. 2020). Therefore, "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *McCoy*, 981 F.3d at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

I have joined other courts in holding that I cannot find that "extraordinary and compelling" reasons exist to grant release because of COVID-19 unless the inmate has a medical condition that puts him more at risk for developing a serious illness from COVID-19 *and* his prison conditions are such that BOP cannot effectively prevent the spread of COVID-19. Factors include but are not limited to the steps BOP has taken to stop the spread of COVID-19 in that particular prison and steps to follow CDC guidance, the ability of inmates to socially distance, the amount of hygiene products and face masks provided to inmates, and the number of COVID-19 cases in that prison. *United States v. Boston*, No. 2:19-cr-00162, 2021 WL 77466, at *3–4 (S.D. W. Va. Jan. 7, 2021); *see also United States v. Penaloza*, No. 19-238, 2020 WL 1555064, at *2 (D. Md. April 1, 2020) ("[T]he mere presence of the virus, even in the detention setting, does not translate to the release of a person accused."). In deciding which medical conditions result in an inmate being at higher risk for COVID-19, I will defer to CDC's list of medical conditions causing an increased risk of severe illness from COVID-19. *See People with Certain Medical*

3

*Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Dec. 14, 2021).

### a) Exhaustion of Administrative Remedies and Section 3582(c)(1)(A)

Mr. Sayles attached documentation to his motion showing that he requested compassionate release from the warden at FCI Terre Haute in July of 2021. [ECF No. 23, at 13]. That request was denied. He appealed the denial, and his request for administrative remedy was once again denied on August 23, 2021. *Id.* Mr. Sayles has exhausted his administrative remedies, and the government does not challenge the same. *See United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021) (holding that the exhaustion requirement is non-jurisdictional and is waived by the government if not timely raised). I now turn to whether Mr. Sayles has alleged extraordinary and compelling reasons that would justify compassionate release.

### b) Extraordinary and Compelling Reasons

As explained above, to demonstrate extraordinary and compelling reasons for compassionate release, Mr. Sayles must show that he has a medical condition that puts him at a greater risk for developing a serious illness from COVID-19 *and* that the facility where he is housed has conditions such that its inmates are at a higher risk of contracting COVID-19.

Mr. Sayles alleges that compelling and extraordinary reasons exist to grant him compassionate release due to COVID-19 because he has diabetes, hypertension (high blood pressure), and hyperlipidemia (high cholesterol). Diabetes and hypertension are on the CDC list of medical conditions causing an increased risk of

severe illness from COVID-19. *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Dec. 14, 2021). Given that Mr. Sayles does have medical conditions that makes him more likely to suffer serious illness from COVID-19, I next consider whether he has shown that his prison conditions are such that BOP cannot effectively prevent the spread of COVID-19.

Mr. Sayles does not allege that the conditions at FCI Terre Haute are such that there is unmitigated spread of COVID-19. FCI Terre Haute currently has no active inmate cases. Rather, he alleges that staff at FCI Terre Haute have failed to properly manage his own medical condition of Type 2 diabetes. His prescriber ordered that Mr. Sayles receive Accu-Chek tests twice daily to monitor his blood sugar levels and to determine how much of which diabetes medication he should receive. [ECF No. 23, at 2, 7]. Mr. Sayles alleged that at the time of writing his motion, he had not received an Accu-Chek test in three months. *Id.*

I am troubled by Mr. Sayles's allegation that prison staff have failed to follow his prescriber's instructions in managing his diabetes. However, I do not find that this is an extraordinary and compelling reason warranting his release. Mr. Sayles is free to file grievances through the BOP or bring an appropriate civil action to redress this alleged harm. But based on the evidence presented, I cannot find that the BOP is unable to control the spread of COVID-19 at FCI Terre Haute. While I understand that Mr. Sayles is concerned about being incarcerated during the COVID-19 pandemic, the "existence of COVID-19 in society and the possibility that

it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 594 (3d Cir. 2020). Mr. Sayles was sentenced in early 2021, well after the start of the COVID-19 pandemic. Moreover, the widespread availability of vaccines for COVID-19 within the BOP likely "makes it impossible to conclude that the risk of COVID-19 [alone] is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Sayles has not shown that the existence of COVID-19 when combined with his age, medical conditions, and race constitute "extraordinary and compelling" reasons justifying his immediate release or a sentence reduction. Therefore, I do not need to consider whether the 18 U.S.C. § 3553(a) factors support a reduced sentence in this case. Given the conditions at FCI Terre Haute and the availability of the COVID-19 vaccine, I conclude that extraordinary and compelling reasons do not justify his release.

### III. Conclusion

Mr. Sayles's motion for compassionate release [ECF No. 23] is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: January 11, 2022

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE